# In the
## United States Court of Appeals
## For The Sixth Circuit
## Case No. 24-5334

**UNITED STATES OF AMERICA**                                                          **Plaintiff-Appellee**

V.

**DALTON SAMUEL BROOKS**                                         **Defendant-Appellant**

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## AT COVINGTON

## REPLY BRIEF OF THE APPELLANT

                                                 S/Howe_____
                                                 ***Steven N. Howe, P.S.C.***
                                                 Attorney for Defendant/Appellant
                                                 507 North Main Street
                                                 Williamstown, KY 41097
                                                 (859) 824-0500
                                                 stevenhowe@howeattorney.com

# TABLE OF CONTENTS

TABLE OF CONTENTS................................................................... i

AUTHORITIES.............................................................................. ii

ARGUMENT.................................................................................. 1

CONCLUSION............................................................................... 8

CERTIFICATE OF SERVICE...................................................... 9

| **AUTHORITIES** | **PAGE** |
|---|---|
| *Cf. Mathis v. United States*, 579 U.S. 500, 504, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016)............................... | 2 |
| *District of Columbia v. Heller* 554 U.S. 570 2008....................... | 3,5 |
| *Doss vs. United States,* Supreme Court No. 23-6842..................... | 1 |
| *New York State Rifle & Pistol Association vs. Bruen, 142 S. Ct. 2111 (2022)..* ......................................... | 3, 5, 7 |
| *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997)................................. | 2 |
| *United States v. Amos*, 501 F.3d 524, 529 (6th Cir. 2007)............... | 7. 8 |
| *United States v. Miller,* 307 U.S. 174, 59 S.Ct. 816, 83 L.Ed. 1206(193918 USC §922(g)..................... | 5 |
| *United States vs.Rahimi,* 602 U.S. ____ (2024)........................... | 1, 3, 7 |
| *United States vs Williams,* 113 F. 4th 637 (6th Cir. 2024)............... | 1, 2, 3, 4, 5, 7 |
| 18 U.S.C. 922§(g)(1)................................................. | 1, 2, 4, 5, 8 |
| 18 U.S.C. Section 922(g)(8)......................................... | 3 |
| 18 U.S.C. §3142(g)................................................... | 4 |
| U.S.S.G. §4B1.2(a)................................................... | 4 |
| *26 U.S.C. §5861(d)*................................................... | 5, 8 |
| 26 U.S.C. §5845(a)................................................... | 6 |
| Marshall, 32 Harv. J.L. & Pub. Pol'y at 729.................................. | 2 |
| *Gununiversity.com/best-short-barreled-shotguns/*............................ | 7 |
| Second Amendment................................................... | 2, 3, 5, 6, 7, 8 |

# **LEGAL ARGUMENT**

1. *Whether the Court erred in determining that the United States made the requisite showing that this Nation has a historical tradition of disarming individuals convicted of felonies;*

The Defendant-Appellant recognizes that since the filing of the Principal Brief, this Court has decided several cases concerning 18 U.S.C. 922§(g)(1) including but not limited to *United States vs Williams,* 113 F. 4th 637 (6th Cir. 2024). As such, the Government contends that Brooks is foreclosed from raising a facial challenge to that statute. (Gov. Brief at 13) The Defendant-Appellant asserts that because of circuit court splits the United States Supreme Court will ultimately decide this issue. In *Doss vs. United States,* Supreme Court No. 23-6842, the Supreme Court originally granted certiorari to consider the 8th Circuit Court of Appeals decision to overrule a facial challenge to felon in possession conviction. The Supreme Court by order dated July 2, 2024 vacated the Writ of Certiorari and remanded for further proceedings in the 8th Circuit Court of Appeals in light of *United States vs. Rahimi,* 602 U.S. 144 S. Ct. 1889 (2024). Consequently, a facial challenge has not been decided by the Supreme Court. The Defendant-Appellant maintains the position set forth in the Principal Brief to preserve the issue.

2. *Whether 18 U.S.C. §922(g)(1) is constitutional as applied to the Defendant-Appellant;*

This Court has recognized an "as applied" challenge to the felon in

1

possession prosecutions. *Williams*, at 657. The *Williams* decision addresses "dangerousness" that would allow permanent disarmament.

"The dangerousness determination will be fact-specific, depending on the unique circumstances of the individual defendant. And in many instances—prior murders, rapes, or assaults—the dangerousness will be self-evident. District courts are well-versed in addressing challenges like these. We are therefore confident that the dangerousness inquiry is workable for resolving as-applied challenges to § 922(g)(1). *Williams*, 113 F.4th 637, 660 (6th Cir. 2024)

When evaluating a defendant's dangerousness, a court may consider a defendant's entire criminal record—not just the specific felony underlying his § 922(g)(1) conviction. After all, nothing in the Second Amendment's text or history limits "dangerousness" to the particular felony (if any) listed in an indictment or plea agreement. This makes sense, given that the government doesn't need to prove the specific predicate felony in securing a conviction under § 922(g)(1) in the first place. *See generally Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). Courts may consider any evidence of past convictions in the record, as well as other judicially noticeable information—such as prior convictions—when assessing a defendant's dangerousness.

Additionally, in determining whether a defendant's past convictions are dangerous, we don't mean to suggest that courts facing as-applied challenges must find "categorical" matches to show a defendant is dangerous. *Cf. Mathis v. United States*, 579 U.S. 500, 504, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016). We only make the commonsense point that certain categories of offenses—like historical crimes against the person—will more strongly suggest that an individual is dangerous. But rather than draw bright categorical lines, district courts may make "an informed judgment about how criminals commonly operate[ ]." Marshall, 32 Harv. J.L. & Pub. Pol'y at 729. *Williams*, 113 F.4th 637, 659–60 (6th Cir. 2024)

Brooks contends that the *Williams* decision requires the dangerous determination to be made after a hearing. *Williams* does not state what type of hearing is necessary for the determination or what the burden of proof is for the Court. Brooks contends that requiring a defendant to prove he is not dangerous is

2

an improper shifting of the burden of proof. In effect, a defendant is required to prove a negative—he is not dangerous.

The Supreme Court in *Rahimi* rejected the argument that a person could be disarmed simply because he is not "responsible".

Finally, in holding that Section 922(g)(8) is constitutional as applied to Rahimi, we reject the Government's contention that Rahimi may be disarmed simply because he is not "responsible." Brief for United States 6; see Tr. of Oral Arg. 8–11. "Responsible" is a vague term. It is unclear what such a rule would entail. Nor does such a line derive from our case law. In *Heller* and *Bruen*, we used the term "responsible" to describe the class of ordinary citizens who undoubtedly enjoy the Second Amendment right. See, *e.g.*, *Heller*, 554 U.S., at 635, 128 S.Ct. 2783; *Bruen*, 597 U.S., at 70, 142 S.Ct. 2111. But those decisions did not define the term and said nothing about the status of citizens who were not "responsible." The question was simply not presented. <u>United States v. Rahimi</u>, 144 S. Ct. 1889, 1903, 219 L. Ed. 2d 351 (2024)

In a like manner, "dangerous" is a vague term. If a citizen has a felony conviction for tax evasion it would appear that he is not "dangerous". However, if that same person has multiple convictions for texting while driving (which puts other motorists in danger) is that person dangerous? Is dangerous determined at the time of the possession of the firearm or at some point during a person's life? What if a defendant has a violent offense conviction from 1974 and in the past 50 years has no other convictions—is he dangerous?

The *Williams* decision references pretrial detention as an example of a court determining whether a person is dangerous. In a pretrial setting there are a number of factors to be considered on whether to release a defendant when making a

3

determination if a person is a danger to himself or the community. 18 USC §3142(g). There are no such guidepost for the dangerous determination in a 18 USC §922(g) setting. If a charged individual is released on bond after a detention hearing, does that mean he is not a danger and the possession of a firearm is legal?

In *Williams,* Mr. Williams had been previously convicted of aggravated robbery, attempted murder and possessing a firearm that was used to murder a police officer. *Williams* at 662. The Court found that his felony convictions were dangerous and, therefore, he is properly subject to prosecution under § 922(g)(1). In the case before the Court, Defendant-Appellant's conviction for aggravated drug trafficking was found by the District Court to be a violent offense. (R. 22, Order Doc. 22, Pg. ID # 111) The term violent offense has a different meaning than a person being dangerous. The United States Sentencing Guidelines outlines the difference between a violent offense and a controlled substance offense. U.S.S.G. §4B1.2(a). By its omission from the enumerated offenses that are violent it is clear that drug trafficking is in the controlled substance offense category. In dicta, the *Williams* court stated that some convictions "while not strictly crimes against the person, may nonetheless pose a threat of danger." *Williams* at 659. The Court then stated that included drug trafficking. However, the Court also stated:

> Rather, district courts should make fact-specific dangerousness determinations after taking account of the unique circumstances of the individual, including details of his specific conviction. Finally, when considering an individual's dangerousness, courts may evaluate a defendant's entire criminal

4

record—not just the specific felony underlying his section 922(g)(1) prosecution. <u>Williams</u>, 113 F.4th 637, 663 (6th Cir. 2024)

The District Court did not make a fact specific finding that the Appellant-Defendant was dangerous. The remaining convictions of the Appellant-Defendant mentioned by the Government in its Brief were never addressed by the District Court in the analysis of the Appellant-Defendant's Motion to Dismiss. At the time of the Motion to Dismiss, as well as the filing of the Appellant-Defendant's Principal Brief, the *Williams* case had not been decided. This Court should remand the matter for the type of hearing outlined above for a determination if the Appellant-Defendant is dangerous.

> **3.** *Whether the Court erred in determining that 26 U.S.C. §5861(d) regulates conduct outside the Second Amendment and is therefore permissible following the Supreme Court's decision in New York State Rifle & Pistol Association vs. Bruen, 142 S. Ct. 2111 (2022).*

**§5861(d) does violate the Second Amendment**

The government argues that *United States v. Miller,* 307 U.S. 174, 59 S. Ct. 816, 83 L.Ed. 1206 (1939) is controlling on this issue. As previously argued, the jurisprudence in 1939 is much different than the cases being decided in 2024. The *Williams* decision demonstrates this. In interpreting *Miller* the *Heller* Court read *Miller* to say that the "Second Amendment does not protect those weapons not typically possessed by law abiding citizens for lawful purposes, such as short-barreled shotguns." Actually, the Second Amendment does protect those weapons.

5

The Defendant-Appellant has been found by this Court to be one of the "people" as described in the Second Amendment. Furthermore, possession of the short barreled shotgun is not always illegal thus making the term "law abiding citizen" nonapplicable. Lastly, as demonstrated below the short barreled shotgun is recognized in the gun community as a weapon of legitimate home protection.

      The District Court found that the Defendant-Appellant's failing to register a short barreled shotgun is outside of the scope of the Second Amendment because it is an "unusual and dangerous" firearm. (R. Memorandum, Opinion and Order, Doc. ID #22 Pg. Id #114) The Court then chose not to engage in a historical analysis of whether the statutes are consistent. (R. Memorandum, Opinion and Order, Doc. ID #22 Pg. Id #114) This was error. There is no question that a short barreled shotgun is a firearm as defined by 26 U.S.C. §5845(a) and specifically set forth in the Indictment as such (R. Indictment, Doc. ID #1 Pg. 1-4). The Government's Brief indicates that more than 160,000 short barreled shotguns are registered through NFA. (Government Brief at 16). The short barreled shotgun is possessed and used for legitimate lawful purposes. There are numerous videos and articles related to short- barreled shotguns and their use in home defense. As one article stated "Short-barreled shotguns are the perfect length for defensive use, and the shorter barrels can make the gun handier in the field. Short-barrels make a light

and more maneuverable shotgun overall. Maneuverability is a must have for home defense. *Gununiversity.com/best-short-barreled-shotguns/*.

Sixth Circuit case law has also addressed the nature of a short barreled shotgun.

As the *Alexander* and *Flores* panels pointed out, if possession of a sawed-off shotgun were so dangerous in all instances in and of itself, federal law would prohibit the weapons altogether, rather than allowing their possession if they are registered. ….. Nor are we convinced that the potential for future dangerousness or the lack of a legitimate use for sawed-off shotguns that other circuits have pointed to renders their possession a violent felony. As with any gun, shooting a sawed-off shotgun can obviously create a serious risk of physical harm to another, but the same can hardly be said for their mere possession. <u>United States v. Amos</u>, 501 F.3d 524, 529 (6th Cir. 2007)

The *Williams* court did not address the possession of a nonregistered firearm. The question of a requirement "of the people" to register a particular firearm prior to its possession cannot pass the constitutional requirement set out in *Bruen* and affirmed by *Rahimi*.

The Government in its Brief attempts to substitute the *Bruen* analysis missing from the District Court. However, the attempt fails upon closer review. The registration requirement was not enacted until the 1930s, more than 140 years post Second Amendment enactment. Until that time no firearm was required to be registered. The Government asserts the historical comparable law for licensing a short barreled shotgun was a gunpowder regulation in existence near the time of the enactment of the Second Amendment. (Government Brief at 17). This argument

7

relies upon the argument that a sawed off shotgun is unusual and dangerous, which it is not as recognized in *Amos*. (Government Brief at 17-20) In summary, the requirement to obtain a permit before possessing a shotgun with a barrel less than 18" is unconstitutional under the current Second Amendment jurisprudence.

## CONCLUSION

This Court should vacate the convictions of the Defendant-Appellant because laws permanently prohibiting felons from possessing firearms is not a part of this Nation's historical tradition of firearm regulation. As such and in accordance with the teachings in *Bruen* and *Rahimi,* 18 U.S.C. § 922(g)(1) and §5861 as applied to the Defendant-Appellant must yield to his rights secured by the plain, unambiguous text of the Second Amendment.

S/Steven N. Howe
Steven N. Howe
Attorney for Defendant-Appellant
507 North Main Street
Williamstown, KY 41097
(859) 824-0500
stevenhowe@howeattorney.com

## **CERTIFICATE OF SERVICE**

On November 5, 2024 I electronically filed this document through the ECF system, which will send a notice of electronic filing to: Kyle Winslow, 207 Grandview Drive, Suite 400, Ft. Mitchell KY 41017 and Amanda Harris Hunag 206 West Vine Street, Suite 300, Lexington, KY 40507-1612

S/Steven N. Howe
STEVEN N. HOWE
