

U.S. Department of Justice

*United States Attorney*
*Eastern District of Kentucky*

*260 W. Vine Street, Suite 300*      *(859) 685-4874*
*Lexington, Kentucky 40507-1612*     *FAX (859) 233-2658*
*e-mail: Amanda.HarrisHuang@usdoj.gov*

March 10, 2025

*ELECTRONICALLY FILED*

Kelly L. Stephens, Clerk
United States Court of Appeals
Potter Stewart U.S. Courthouse
100 E. Fifth Street, Room 540
Cincinnati, Ohio

      RE:   *United States v. Dalton Samuel Brooks*, Case No. 24-5334
             Fed. R. App. P. 28(j) — Citation of Supplemental Authorities

Dear Ms. Stephens:

    A pertinent and significant decision has come to our attention relating to the argument on pages 11-22 of our brief detailing why 26 U.S.C. § 5861(d) is constitutional. In *United States v. Underwood*, No. 23-1667, 2025 WL 617732 (6th Cir. Feb. 26, 2025), this Court upheld the constitutionality of 18 U.S.C. § 924(c) and held that "[a]n individual who uses a firearm . . . as proscribed by § 924(c)(1)(A) is not bearing arms *for a lawful purpose*." *Id.* at *7. The Second Amendment protects the right to keep and bear arms for "*lawful purposes*." *Id.* at *6. This is relevant to the Government's Brief in two respects.

    First, Supreme Court precedent establishes that the "Second Amendment does not 'guarantee[] the right to keep and bear' a short-barrel shotgun." Government's Brief at 13 (quoting *United States v. Miller*, 307 U.S. 174, 178 (1939)). This is because "'the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for *lawful purposes*, such as short-barrel shotguns.'" Government's Brief at 12 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 625 (2008) (emphasis added)). The *Underwood* Court relied on the Supreme Court's language in *Heller* about "lawful purposes" to support its interpretation of the text of the Second Amendment. *Underwood*, 2025 WL 617732, at *6. This endorsement of *Heller*'s "lawful purposes" language supports the Government's position that controlling Supreme Court law is dispositive.

    Second and relatedly, the term "Arms" under the Second Amendment "does not include . . . weapons that are not typically possessed by law-abiding citizens *for lawful*

Kelly L. Stephens, Clerk
March 10, 2025
Page 2

*purposes*." Government's Brief at 15 (emphasis added). Because "short-barrel firearms are not typically possessed by law-biding citizens for *lawful purposes*," short-barrel firearms are not protected by the Second Amendment. Government's Brief at 15-16. The *Underwood* Court used the "lawful purposes" language when interpreting the plain text of the Second Amendment. *Underwood*, 2025 WL 617732, at *6. This supports the Government's claim that the plain text of the Second Amendment does not protect arms, like short-barrel shotguns, that are not typically possessed for lawful purposes.

This Court should affirm Brooks's convictions.

                Very truly yours,

                PAUL C. MCCAFFREY
                ACTING UNITED STATES ATTORNEY

                CHARLES P. WISDOM JR.
                CHIEF, APPELLATE DIVISION

By:    <u>s/ Amanda Harris Huang</u>
        Assistant United States Attorney
        260 W. Vine Street, Suite 300
        Lexington, Kentucky 40507-1612
        (859) 685-4876
        Amanda.HarrisHuang@usdoj.gov

cc: Steven N. Howe, Attorney for Dalton Samuel Brooks
    *via ECF system*